PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
ROYL L. ROBERTS (STATE BAR PROVISIONAL LICENSE NO. 406100)
P.O. Box 5843
Oakland CA  94605
Telephone:  (510) 452-0292
Facsimile:   (510) 452-5625
E-mail:  pamela@pypesq.com

Attorney for Petitioners

ZELDA B., a Minor, by and through
BRIAN A. THOMAS, as Guardian Ad Litem,
CYNTHIA M., a Minor by and through
RACHEAL D. COLSTON as Guardian Ad Litem,
BRIAN A. THOMAS in his Individual Capacity,
RACHEAL D. COLSTON in her Individual
Capacity, PHYLLIS A. THOMAS and
CHARLES A. THOMAS, SR.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZELDA B., a Minor, by and through BRIAN A. THOMAS, as Guardian Ad Litem, CYNTHIA M., a Minor by and through RACHEAL D. COLSTON as Guardian Ad Litem, BRIAN A. THOMAS in his Individual Capacity, RACHEAL D. COLSTON in her Individual Capacity, PHYLLIS A. THOMAS and CHARLES A. THOMAS, SR., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF OAKLAND, PUBLIC EMPLOYEE-DIRECTOR LARICHEA SMITH, OAKLAND UNIFIED SCHOOL DISTRICT, and DOES 1 - 10, <br><br> Defendants. | NO. <br><br> **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND NEGLIGENCE** <br> **(JURY TRIAL DEMANDED)** |

Plaintiffs ZELDA B., a Minor, by and through BRIAN A. THOMAS, as Guardian Ad Litem, CYNTHIA M., a Minor by and through RACHEAL D. COLSTON as Guardian Ad Litem, BRIAN A. THOMAS in his Individual Capacity, RACHEAL D. COLSTON in her

Individual Capacity, PHYLLIS A. THOMAS and CHARLES A. THOMAS, SR., and their attorneys, respectfully allege as follows:

## JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1983 and §12188. Plaintiffs invoke jurisdiction over their federal claims pursuant to the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The acts and practices complained of herein occurred in the City of Oakland, California, within this judicial district.

2. Jurisdiction over Plaintiffs' claims under state law is invoked pursuant to the provisions of 28 U.S.C. Section 1367. The claims which arise under state law are so related to claims within the original jurisdiction of this Court that they form a part of the same case and controversy under Article III of the United States Constitution.

## PARTIES

3. Plaintiff Zelda G. is the minor grandchild of Charles Thomas Sr. She is 17 years old. Plaintiff Cynthia M. is the minor grandchild of Charles Thomas, Sr. She is 15 years old. Plaintiffs are all African-American citizens of the United States. Plaintiffs are, and at all times mentioned herein were, residents of Alameda County. The minor Plaintiffs bring this action under fictitious names because they are minors and to protect their identity due to the nature of their causes of action which involve racial harassment and physical assaults.

4. Defendant City of Oakland (hereinafter referred to as "City") is, and at all times mentioned herein was, a public entity charged with ensuring the public safety of the residents of the City and any visitors to the City, including but not limited to Plaintiffs.

5. Defendant Oakland Unified School District (hereinafter referred to as "OUSD") is, and at all times mentioned herein was, a public entity that owns the school site where the actions and violations occurred and controlled access to the site at all times relevant herein.

6. Defendant Larichea Smith is employed by either the City and/or Defendant OUSD. She acted with deliberate indifference toward Plaintiffs' safety on February 15, 2020 and violated their constitutional and civil rights under federal and state law while acting under color of state law

and in the course and scope of her employment.  Plaintiffs sue Defendant Smith in her individual capacity.

## STATEMENT OF FACTS

7.	On February 15, 2020, Plaintiffs attended a basketball game at McClymonds High School in the City of Oakland. Upon their arrival, Plaintiffs Charles A. Thomas, Sr. and his wife, Phyllis A. Thomas, and their daughter, Racheal Denise Colston, seated themselves in a section of the stands which appeared to be marked as available for persons with disabilities. Each of these three (3) Plaintiffs is a person with physical disabilities that impact their life activities and their physical mobility. Plaintiff Charles A. Thomas, Sr. is an elder within the meaning of California Welfare & Institutions Code Section 15610.27.

8.	Near the end of the basketball game, Plaintiffs Charles A. Thomas, Phyllis A. Thomas and Racheal Denise Colston were approached by a loud and ignorant person who identified herself as "the Director." The Director proceeded to berate Plaintiffs Mr. and Mrs. Thomas and Ms. Colston, demanding that they leave the section set aside for persons with disabilities and move to another section of the stands inside the gym. Plaintiffs attempted to explain to the Director that they each had a physical disability and needed reasonable accommodations to attend the game.  The Director continued to be verbally abusive toward Plaintiffs.  She accused Ms. Colston of lying and stated that she did not care if any of them had any type of disability.

9.	The Director stopped the game as she assaulted the family. She also threatened to forfeit the game if they did not leave the disabled section of the stands. This threat was intimidating to Plaintiffs because Plaintiff Zelda B. was a player on one of the teams.  The Director used a racial slur to refer to Plaintiffs and denigrated them based upon their African-American ancestry.  She also told the family that they would not be allowed to attend any games in the future.  Her verbal assault lasted approximately 15-20 minutes.

10.	Plaintiff Phyllis A. Thomas exited the gym due to the harassment and threatening behavior of the Director. She feared for her safety and the safety of her family members. She was excluded from participating in the activity as a direct result of her physical disability and the

Director's refusal to accommodate her physical disability.

11. After the Director's initial assault, Plaintiff Charles Thomas, Sr. left the gym for a brief period of time. He returned to the gym in order to document the incident and the denial of their access to the game. Upon his return to the gym, the Director accosted him again. Mr. Thomas asked her to identify herself by name and she refused. As he attempted to photograph her using his cell phone, she attacked him and knocked the phone out of his hand.

12. The Director's unprovoked verbal and physical assaults and battery on Plaintiff Charles A. Thomas, Sr. was witnessed by his daughter, Plaintiff Racheal Denise Colston, his son Plaintiff Brian A. Thomas and his two granddaughters, Plaintiffs Zelda B. and Cynthia M.

13. Plaintiffs, all Black Americans and the decedents of American slaves, were unjustifiably subjected to dangerous and humiliating harassment by the Director based on their race. Plaintiff Charles A. Thomas was targeted, harassed and abused and denied access to a public facility based upon his age and disability. Plaintiffs Racheal Denise Thomas and Phyllis A. Thomas were targeted, harassed and denied access to a public facility based on their disabilities.

14. Plaintiffs are informed and believe, that the Director identified at the time as "the Director" is actually Defendant LaRichea Smith. At the time of her unlawful actions, Ms. Smith was an employee of the City of Oakland and authorized agent of the Oakland Unified School District. Her unlawful actions were ratified by an unknown agent and employee of the Oakland Unified School District who was acting as a referee for the game.

15. All of the acts described herein are attributable to the agents and employees under the direction and control and with the permission, consent and authorization of the City of Oakland, the OUSD and their agents and employees. Said acts, conduct, and failures to act were within the scope of such agency and/or employment, and each agent and employee ratified the acts and omissions of each of the other agents and employees. Each of these acts and failures to act is alleged against each agent and employee whether acting individually, jointly or severally. At all times relevant herein, each agent and employee was acting within the course and scope of his or her employment.

16. At all times herein mentioned, Defendant City negligently failed to take reasonable, adequate, necessary, and proper measures to ensure public safety and comply with the United States Constitution and protect the safety of persons, including Plaintiffs, and such negligence was a proximate and legal cause of the damages to Plaintiffs, as herein alleged.

17. Furthermore, in doing each and every act and omission alleged, Defendants, and each of them, acted with gross negligence, deliberate indifference and/or reckless disregard for the rights of the Plaintiff.

18. On or about February 12, 2021, Plaintiffs presented to Defendant City a government tort Claim which detailed the injuries, losses and damages suffered and incurred by them by reason of the above-described occurrences. On March 2, 2021, Defendant City rejected Plaintiffs' claims as untimely. On March 2, and again on May 25, 2021, Plaintiffs submitted applications to present a late claim. On June 8, 2021, Defendant City denied all of Plaintiffs' applications to present a late claim, including the two applications presented on behalf of the minor Plaintiffs, in violation of California Government Code §911.6(b)(2).

19. On or about February 12, 2021, Plaintiffs presented to OUSD a government tort Claim which detailed the injuries, losses and damages suffered and incurred by them by reason of the above-described occurrences. On March 12, 2021, Defendant City rejected Plaintiffs' claims as untimely and denied the adult Plaintiffs' applications to present a late claim. OUSD accepted the two late claim applications presented on behalf of Zelda B. and Cynthia M. Thereafter, OUSD failed to take any action on those claims and they have been deemed denied by operation of law.

20. Plaintiffs have filed concurrently herewith an application for an Order under Government Code Section 946.6 for relief from the provisions of Government Code Section 945.4 on the grounds of mistake, inadvertence and/or excusable neglect and neither the Defendant City nor OUSD will not be prejudiced by the granting of this relief.

21. Defendant City and/or Defendant Smith have an agency relationship with OUSD with respect to public access to McClymonds High School and the basketball game where they were assaulted and injured by Defendant Smith. Plaintiffs are informed and believe and thereon allege

that Defendant City never took any disciplinary action against Defendant Smith in response to their complaints.

**DAMAGES**

22. As a result of the acts and omissions alleged herein, Plaintiffs were denied access to a public educational facility establishment based upon their disability, age and race, They were also subjected to unreasonable actions including physical assault, intimidation and threats of violence, racial slurs and harassment by Defendant Smith in violation of their Fourth Amendment rights to be secure in their persons and based solely on the color of their skin. The daily lives of each of the Plaintiffs are informed by the scars that linger from the deep humiliation, embarrassment and fear experienced by each of them. The social development of the children has been stunted and warped by the incident. The sense of helplessness Mr. Thomas felt, and his inability to protect his family from such unwarranted cruelty, was deeply disturbing.

23. Plaintiffs Charles A. Thomas, Sr., Phyllis A. Thomas and Racheal Denise Colston suffered severe emotional distress, extreme anxiety and fear, humiliation, embarrassment, hurt feelings, mental anguish and suffering, loss of enjoyment of life, and a general loss of self-esteem and well-being. Mr. Thomas suffered physical injuries caused by the Director's unprovoked aggravated attack against him, including bruises on his fingers and both hands and injury to his left arm and shoulders. Mr. Thomas experienced swelling and pain, spasms in his left hand, arm and shoulder. He continues to experience pain in his right hand.

24. Plaintiffs Racheal Denise Colston, Brian A. Thomas, Zelda B. and Cynthia M. experienced severe emotional distress upon observing the unprovoked aggravated physical assault against the elder Mr. Thomas. They are all closely related to Mr. Thomas as his children and/or grandchildren.

25. As a proximate result of the Defendants' actions as alleged herein, Plaintiffs were humiliated, hurt and injured in their health, strength and activity, sustaining injuries to their nervous system and person, and has suffered and will continue to suffer in the future, severe mental anguish and emotional distress, anxiety, worry, incidental damages and out-of-pocket expenses, all to their

damage in an amount in excess of $400,000.00 to be shown according to proof.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. SECTION 1983**
**(PLAINTIFFS AGAINST DEFENDANT SMITH)**

26. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 25, as though fully set forth at length herein.

27. Defendant Smith by her conduct as alleged herein, intentionally, wilfully and without justification, did unlawfully deprive Plaintiffs of their rights, privileges and immunities secured to them by the Constitutions and the laws of the United States and California, including but not limited to their rights to be free from excessive force, threats, intimidation or coercion under color of law, in violation of 42 United States Code Section 1983.

**WHEREFORE**, Plaintiffs pray for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**VIOLATION OF RALPH CIVIL RIGHTS ACT**
**(PLAINTIFFS AGAINST DEFENDANT SMITH & OUSD)**

28. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 27, as though fully set forth at length herein.

29. In doing each and all of the acts alleged herein, Defendant Smith violated the minor Plaintiffs' right to be free from violence, or intimidation by threat or violence, committed against their persons because of their race, as set forth in California Civil Code § 51.7 (Ralph Act).

30. In doing these acts as alleged herein, Defendants Smith intended to discriminate against the minor Plaintiffs on the basis of their race. (California Civil Code §§ 51 and 51.5.)

31. In doing each and all of the acts alleged herein, Defendants Smith deprived Plaintiffs of advantages, privileges and services provided to the other attendees because of their race. Defendant Smith denies Plaintiffs their civil rights secured by the State of California, particularly their right to be free from discrimination in a business establishment. (California Civil Code §§ 51, 51.5 and 52.)

32. As a further proximate result of the conduct of Defendant Smith, each minor Plaintiff is entitled to recover a civil penalty of $25,000 against each of the Defendants and their attorneys'

fees as set forth in Civil Code § 52(b).

**WHEREFORE,** Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### VIOLATION OF CALIFORNIA BANE ACT
### (PLAINTIFFS AGAINST DEFENDANT SMITH & OUSD)

33. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 32, as though fully set forth at length herein.

34. In doing each and all of the acts alleged herein, Defendant Smith violated the minor Plaintiffs' individual rights secured by state and federal law as alleged herein. (California Civil Code § 52.1).

35. In doing each and all of the acts alleged herein, Defendant Smith interfered with the minor Plaintiffs' individual rights to be free from bodily restraint or harm, from personal insult, and from injury to their personal relations. (California Civil Code § 43).

**WHEREFORE**, Plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### VIOLATION OF UNRUH ACT
### (PLAINTIFFS AGAINST DEFENDANT SMITH & OUSD)

36. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 35, as though fully set forth at length herein.

37. In doing each and all of the acts alleged herein, Defendants Smith intentionally denied the minor Plaintiffs equal access to a business establishment, to wit, a retail establishment, on the basis of their race, age and disability in violation of Civil Code Sections 51 and 52.

38. Defendants' conduct, as alleged herein, deprived the minor Plaintiffs of equal access by having the purpose and/or effect of negatively impacting their them and intimidating them and deprived Plaintiffs of advantages, privileges and services provided to other participants. (California Civil Code §§ 51, 51.5 and 52.)

**WHEREFORE,** Plaintiffs pray for relief as hereinafter set forth.

///

///

**FIFTH CAUSE OF ACTION**
**VIOLATION OF AMERICANS WITH DISABILITIES ACT**
**(PLAINTIFFS AGAINST DEFENDANT CITY & OUSD)**

39. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 38, as though fully set forth at length herein.

40. At all times mentioned herein, Defendant City had a duty to supervise the conduct of its employees and exercise ordinary care to protect attendees from acts of physical assault, threats, intimidation, race, age and disability discrimination and harassment.

41. Defendants City and OUSD were negligent and careless in that they retained and entrusted Defendant Smith to provide oversight over the basketball game, even though they knew or should have known that Defendant Smith was engaged in unconstitutional and reckless actions, resulting in injuries to participants and attendees at the games.

42. Defendants City and OUSD also failed to adequately supervise Defendant Smith, or provide any oversight to prevent the abuse of her authority over the basketball games and therefore ensure the protection of Plaintiffs, elderly attendees and other persons with physical limitations and/or disabilities. Defendant City has a further duty to discipline its personnel whom it should have known were abusing elderly participants and other persons with physical limitations and/or disabilities. Defendant City had a duty to exercise reasonable care in the administration of its policies, and by failing to adequately train or discipline its personnel regarding elder abuse, reasonable accommodations for physical disabilities, racial profiling, harassment and violence, it breached that duty.

**WHEREFORE,** Plaintiffs pray for injunctive relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(PLAINTIFFS AGAINST DEFENDANTS SMITH & OUSD)**

43. Plaintiffs refer to and incorporate by reference Paragraphs 1 through 42, as though fully set forth at length herein.

44. In doing each and all of the acts alleged herein, Defendant Smith engaged in a course of conduct which was grossly negligent, extreme and outrageous and which caused the minor

Plaintiffs and other family members observing her mistreatment of Plaintiff Charles A. Thomas, Sr. to suffer severe emotional distress. Defendant Smith engaged in said course of conduct with wanton and reckless disregard of the consequences or harm or injury that might result to Plaintiffs.

45. Defendant OUSD, despite knowledge and adequate opportunity to learn of the misconduct of its agents and employees, adopted, approved and ratified the acts, omissions and misconduct of its agents and employees. (California Civil Code Section 2338.)

**WHEREFORE**, Plaintiffs pray for judgment against all Defendants, and each of them as follows:

1. Compensatory and special damages, including damages for mental and emotional distress, in an amount in excess of $500,000.00 to be determined at the time of trial;

2. Costs of suit incurred herein, including reasonable attorneys' fees;

3. Injunctive relief against Defendants City and OUSD and their agents and employees, enjoining them from denying, or aiding and/or inciting the denial of the civil rights of Plaintiffs and specifically from acts of physical assault, threats, intimidation, race, age and disability discrimination and harassment.

4. Punitive and exemplary damages in an amount appropriate to punish and make an example of the individual Defendants to be determined at the time of trial;

5. Costs of suit incurred herein, including reasonable attorneys' fees; and

6. Such other and further relief as the Court deems just and proper.

Dated: September 13, 2021     PAMELA Y. PRICE, ATTORNEY AT LAW


*Pamela Y. Price*
PAMELA Y. PRICE, Attorneys for Plaintiffs ZELDA B., a Minor, by and through BRIAN A. THOMAS, as Guardian Ad Litem, CYNTHIA M., a Minor by and through RACHEAL D. COLSTON as Guardian Ad Litem, BRIAN A. THOMAS in his Individual Capacity, RACHEAL D. COLSTON in her Individual Capacity, PHYLLIS A. THOMAS and CHARLES A. THOMAS, SR.

**JURY TRIAL DEMANDED**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues triable to a jury in each and every cause of action of their Complaint.

Dated:   September 13, 2021          PAMELA Y. PRICE, ATTORNEY AT LAW


_Pamela Y. Price_
PAMELA Y. PRICE, Attorneys for Plaintiffs ZELDA B., a Minor, by and through BRIAN A. THOMAS, as Guardian Ad Litem, CYNTHIA M., a Minor by and through RACHEAL D. COLSTON as Guardian Ad Litem, BRIAN A. THOMAS in his Individual Capacity, RACHEAL D. COLSTON in her Individual Capacity, PHYLLIS A. THOMAS and CHARLES A. THOMAS, SR.