UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZELDA B., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, et al.,<br><br>    Defendants. | Case No. 21-cv-07078-DMR<br><br>**ORDER DENYING MOTION FOR RELIEF FROM CLAIM NOTICE REQUIREMENTS**<br><br>Re: Dkt. No. 4 |

Plaintiffs Phyllis A. Thomas and Charles A. Thomas, Sr. along with their adult children and two minor grandchildren filed a civil rights action pursuant to 42 U.S.C. § 1983 claiming they suffered constitutional violations while attending a high school basketball game in February 2020. Plaintiffs now move for an order granting them relief from the government tort claims filing requirements of California Government Code section 945.4. [Docket No. 4.] Defendants City of Oakland ("Oakland"), Oakland Unified School District ("OUSD"), and LaRichea Smith oppose the motion. [Docket No. 19.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is denied.

I.     **BACKGROUND**

On February 15, 2020, Plaintiffs Phyllis A. Thomas and Charles A. Thomas, Sr. attended a basketball game at McClymonds High School in Oakland, California together with their children, Plaintiffs Brian A. Thomas and Racheal D. Colston, and their two minor grandchildren, Plaintiffs Zelda B. and Cynthia M.[1][2] Compl. ¶¶ 3, 7, 12. Zelda B. was a player on one of the teams. *Id*. at

---

[1] Because three of the Plaintiffs share the same last name, the court refers to them by their first initials for clarity and concision.

[2] The caption of the complaint states that Zelda B. and Cynthia M. appear by and through their guardians ad litem, Brian A. Thomas and Racheal D. Colston, respectively. Compl. 1.

¶ 9.

Plaintiffs allege that C. Thomas, P. Thomas, and Colston are persons with physical disabilities and that they sat in a section of the stands reserved for persons with disabilities. *Id*. at ¶ 7. Near the end of the game, Defendant Smith, who identified herself as "the Director," approached C. Thomas, P. Thomas, and Colston and "berate[d]" them and demanded that they leave the section reserved for individuals with disabilities. Smith used a racial slur to refer to Plaintiffs, who are African-American, and "denigrated them based upon their African-American ancestry." *Id*. at ¶¶ 3, 8, 9. Phyllis exited the gym due to Smith's "harassment and threatening behavior." *Id*. at ¶ 10. C. Thomas also left the gym but returned after a brief period. When he returned, Smith "accosted him again" and "attacked him and knocked [his] phone out of his hand." *Id*. at ¶ 11. Colston, B. Thomas, Zelda B., and Cynthia M. witnessed Smith's "unprovoked verbal and physical assaults and battery" on C. Thomas. *Id*. at ¶ 12. Plaintiffs are informed and believe that at the time of the incident, Smith was an Oakland employee and authorized agent of OUSD. *Id*. at ¶ 14.

Plaintiffs filed the complaint on September 13, 2021. They allege a 42 U.S.C. § 1983 claim based on their "rights to be free from excessive force, threats, intimidation or coercion under color of law" and violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. They also allege state law claims under the Ralph Civil Rights Act, California Civil Code section 51.7; Tom Bane Civil Rights Act, California Civil Code section 52.1; and Unruh Civil Rights Act, California Civil Code section 51; as well as a claim for negligent infliction of emotional distress.

Plaintiffs now move pursuant to California Government Code section 946.6 for relief from the government tort claims filing requirements of California Government Code section 945.4 regard.

## II.  DISCUSSION

Under the California Government Claims Act, "no suit for money or damages may be brought against a public entity . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the

2

board." Cal. Gov't Code § 945.4; *Harlow v. Cty. of Riverside*, 295 F. App'x 252, 254 (9th Cir. 2008) ("In order to sue a public entity for damages in California, a plaintiff must first file a timely claim with the entity for administrative adjudication."). California Government Code section 910 "requires that the claim state the 'date, place, and other circumstances of the occurrence or transaction which gave rise to the claim asserted' and provide "[a] general description of the . . . injury, damage or loss incurred so far as it may be known at the time of presentation of the claim." *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 445 (2004) (quoting Cal. Gov't Code § 910).

"A claim relating to a cause of action for . . . injury to person" must be presented "not later than six months after the accrual of the cause of action." Cal. Gov't Code § 911.2 (a). "The board shall grant or deny the application within 45 days after it is presented to the board." Cal. Gov't Code § 911.6(a). A claimant may apply for leave to present a late claim "within a reasonable time not to exceed one year after the accrual of the cause of action." Cal. Gov't Code § 911.4(a), (b).[3] If leave to present a late claim is denied, then a claimant may petition for relief from the claim requirements of section 945.4. Cal. Gov't Code § 946.6.

Here, Plaintiffs presented government tort claims to Oakland and OUSD on February 12, 2021, which was over six months after the February 15, 2020 incident at issue in the complaint. *Id*. at ¶¶ 18, 19. Oakland rejected Plaintiffs' claims as untimely on March 2, 2021. Plaintiffs also filed applications to present late claims, which Oakland denied on June 8, 2021. *Id*. at ¶ 18. OUSD rejected Plaintiffs' claims as untimely on March 12, 2021, accepted two late claim applications filed on behalf of Zelda B. and Cynthia M., and denied the adult Plaintiffs' applications to present late claims. *Id*. at ¶ 19.[4] Plaintiffs now move pursuant to section 946.6 for

---

[3] These requirements apply only to claims brought under state law; there is no presentation requirement for claims brought under 42 U.S.C. § 1983. *See Guerrero v. Cty. of Alameda*, No. C 18-02379 WHA, 2018 WL 3646818, at *2 (N.D. Cal. Aug. 1, 2018).

[4] The court takes this opportunity to remind Plaintiffs' counsel to follow all applicable rules of court and standing orders. Plaintiffs submitted various documents as attachments to the instant motion, none of which were authenticated in accordance with Local Rule 7-5(a), which provides that "[f]actual contentions made in support of . . . any motion must be supported by an affidavit or declaration and by appropriate references to the record," and that "evidentiary matters must be appropriately authenticated by an affidavit or declaration."

relief from section 945.4's claim requirements.[5]

Section 946.6 states that a petition for relief must be filed in state court:

> If an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from Section 945.4. *The proper court for filing the petition is a superior court* that would be a proper court for the trial of an action on the cause of action to which the claim relates. If the petition is filed in a court which is not a proper court for the determination of the matter, the court, on motion of any party, shall transfer the proceeding to a proper court. . . .

Cal. Gov't Code § 946.6(a) (emphasis added). The statute makes clear that this court lacks the authority to grant the relief sought by Plaintiffs because they must file their section 946.6 petition in a California Superior Court. *See, e.g., Guerrero*, 2018 WL 3646818, at *2 (holding that section 946.6 petition must be filed in a California Superior Court, collecting cases; noting that cases holding differently "did so based on language in Section 946.6 that" was amended in 2002 to include the term "superior"); *Casey v. City of Santa Rosa*, No. 4:18-CV-07731-KAW, 2019 WL 2548140, at *4 (N.D. Cal. June 20, 2019) (holding that plaintiff must file his section 946.6 petition in state court and be relieved from the requirements of section 945.4 before his state law claims may proceed).

In their reply, Plaintiffs do not meaningfully dispute that they must file their section 946.6 petition in state court and instead ask that "this Petition be transferred to the proper California Superior Court." Reply 2-3. Plaintiffs do not identify a federal rule of civil procedure or other authority by which this court may accomplish such a transfer. Accordingly, Plaintiffs' motion for relief from the claims filing requirements of California Government Code section 945.4 is denied, as is their request to transfer the motion to state court.[6]

---

[5] Although Plaintiffs allege that OUSD accepted Zelda B. and Cynthia M.'s late claim applications, the instant motion was filed on behalf of, and appears to seek relief for all six Plaintiffs.

[6] Defendants also ask the court to deny the motion on the ground that it is untimely because Plaintiffs failed to file it within six months from the date of the denial. Opp'n 4. As the court concludes that it lacks authority to decide the motion, it does not reach this argument.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for relief from the government tort claims filing requirements of California Government Code section 945.4 is denied.

**IT IS SO ORDERED.**

Dated: December 16, 2021



Donna M. Ryu
United States Magistrate Judge