1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    ZELDA B., et al.,                      Case No. 21-cv-07078-DMR

8              Plaintiffs,

9         v.                                **ORDER ON DEFENDANT OAKLAND
                                            UNIFIED SCHOOL DISTRICT'S
10   CITY OF OAKLAND, et al.,                MOTION TO DISMISS**

11             Defendants.                   Re: Dkt. No. 25

12        Plaintiffs Phyllis A. Thomas and Charles A. Thomas, Sr. along with their adult children

13   and two minor grandchildren filed a civil rights action pursuant to 42 U.S.C. § 1983 claiming they

14   suffered constitutional violations while attending a high school basketball game in February 2020.

15   Defendant Oakland Unified School District ("OUSD") now moves pursuant to Federal Rules of

16   Civil Procedure 12(b)(6) and 12(e) to dismiss the complaint and/or for a more definite statement.[1]

17   [Docket No. 25.]  This matter is suitable for resolution without a hearing.  Civ. L.R. 7-1(b).  For

18   the following reasons, the motion is granted.

19   **I.       BACKGROUND**

20        Plaintiffs make the following allegations in the complaint, all of which are taken as true for

21   purposes of this motion.[2]  On February 15, 2020, Plaintiffs Phyllis A. Thomas and Charles A.

22   Thomas, Sr. attended a basketball game at McClymonds High School in Oakland, California

23   together with their children, Plaintiffs Brian A. Thomas and Racheal D. Colston, and their two

24

25

26   [1] Defendants City of Oakland ("Oakland") and LaRichea Smith are not involved in this motion.
     They filed an Answer to Plaintiffs' Complaint on January 10, 2022.  [Docket No. 40.]

27
     [2] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all
28   of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)
     (per curiam) (citation omitted).

*United States District Court*
*Northern District of California*

1    minor grandchildren, Plaintiffs Zelda B. and Cynthia M.[3][4]  Compl. ¶¶ 3, 7, 12.  Zelda B. was a

2    player on one of the teams.  *Id*. at ¶ 9.

3    　　　Plaintiffs allege that C. Thomas, P. Thomas, and Colston are persons with physical

4    disabilities who sat in a section of the stands reserved for persons with disabilities.  *Id*. at ¶ 7.

5    Near the end of the game, Defendant Smith, who identified herself as "the Director," approached

6    C. Thomas, P. Thomas, and Colston.  She "berate[d]" them and demanded that they leave the

7    section reserved for individuals with disabilities.  Smith used a racial slur to refer to Plaintiffs,

8    who are African-American, and "denigrated them based upon their African-American ancestry."

9    *Id*. at ¶¶ 3, 8, 9.  P. Thomas exited the gym due to Smith's "harassment and threatening behavior."

10   *Id*. at ¶ 10.  C. Thomas also left the gym but returned after a brief period.  When he returned,

11   Smith "accosted him again" and "attacked him and knocked [his] phone out of his hand."  *Id*. at ¶

12   11.  Colston, B. Thomas, and the two minors witnessed Smith's "unprovoked verbal and physical

13   assaults and battery" on C. Thomas.  *Id*. at ¶ 12.  Plaintiffs allege that C. Thomas was "targeted,

14   harassed and abused and denied access to a public facility based upon his age and disability," and

15   that P. Thomas, and Colston were "targeted, harassed and denied access to a public facility based

16   on their disabilities."  *Id*. at ¶ 13.

17   　　　Plaintiffs allege that at the time of the incident, Smith was an Oakland employee and

18   authorized agent of OUSD, and that "[h]er unlawful actions were ratified by an unknown agent

19   and employee of [OUSD] who was acting as a referee for the game."  *Id*. at ¶ 14.  They further

20   allege that Oakland and/or Smith "have an agency relationship with OUSD with respect to public

21   access to McClymonds High School and the basketball game" at issue.  *Id*. at ¶ 21.

22   　　　On September 13, 2001, Plaintiffs filed this lawsuit which asserts 1) a 42 U.S.C. § 1983

23   claim based on their "rights to be free from excessive force, threats, intimidation or coercion under

24   color of law" against Smith; 2) violation of the Ralph Civil Rights Act, California Civil Code

25

26   _____

27   [3] Because three of the Plaintiffs share the same last name, the court refers to them by their first
     initials for clarity and concision.

28   [4] The caption of the complaint states that Zelda B. and Cynthia M. appear by and through their
     guardians ad litem, Brian A. Thomas and Racheal D. Colston, respectively.  Compl. 1.

United States District Court
Northern District of California

1    section 51.7, against Smith and OUSD; 3) violation of the Bane Civil Rights Act, California Civil

2    Code section 52.1, against Smith and OUSD; 4) violation of the Unruh Civil Rights Act,

3    California Civil Code section 51, against Smith and OUSD; 5) violation of the Americans With

4    Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., against Oakland and OUSD; and 6)

5    negligent infliction of emotional distress, against Smith and OUSD.[5]

6    OUSD now moves pursuant to Rule 12(b)(6) to dismiss all of the claims against it.  In the

7    alternative, it moves pursuant to Rule 12(e) for a more definite statement.

8    **II.    LEGAL STANDARDS**

9    **A.    Rule 12(b)(6)**

10   A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in

11   the complaint.  *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

12   When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all

13   of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94, and may dismiss a

14   claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual

15   matter to state a facially plausible claim to relief," *Shroyer v. New Cingular Wireless Servs., Inc.*,

16   622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009);

17   *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).  A claim has

18   facial plausibility when a plaintiff "pleads factual content that allows the court to draw the

19   reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

20   678 (citation omitted).  In other words, the facts alleged must demonstrate "more than labels and

21   conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*

22   *Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

23   As a general rule, a court may not consider "any material beyond the pleadings" when

24   ruling on a Rule 12(b)(6) motion.  *Lee*, 250 F.3d at 688 (citation and quotation marks omitted).

25   However, "a court may take judicial notice of 'matters of public record,'" *id*. at 689 (citing *Mack*

26   *v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents

27

28   ---
     [5] The complaint erroneously refers to the negligent infliction of emotional distress as the seventh
     claim.  See Compl. 9.

United States District Court
Northern District of California

3

1   whose contents are alleged in a complaint and whose authenticity no party questions, but which

2   are not physically attached to the pleading," without converting a motion to dismiss under Rule

3   12(b)(6) into a motion for summary judgment.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.

4   1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1125-26.  The court need not accept

5   as true allegations that contradict facts which may be judicially noticed.  *See Mullis v. U.S. Bankr.*

6   *Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

7          **B.**     **Rule 12(e)**

8          Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more

9   definite statement of a pleading . . . which is so vague or ambiguous that the party cannot

10   reasonably prepare a response."  Motions for a more definite statement are "viewed with disfavor"

11   and rarely granted*.  Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal.

12   1999).  However, courts may require a more definite statement "when the pleading is so vague or

13   ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or

14   without prejudice to himself."  *Id.* (quotation and citation omitted).   "A motion for a more definite

15   statement attacks intelligibility, not simply lack of detail.  For this reason, the motion fails where

16   the complaint is specific enough to apprise the defendant of the substance of the claim being

17   asserted."  *Gregory Village Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F. Supp. 2d 888, 896 (N.D.

18   Cal. 2011).

19   **III.**    **REQUEST FOR JUDICIAL NOTICE**

20          Plaintiffs ask the court to take judicial notice of three documents submitted with their

21   opposition pursuant to Federal Rule of Evidence 201(d).[6]  [Docket No. 33 (Request for Judicial

22   Notice, "RJN").]  The RJN is denied.  As an initial matter, none of the documents were

23   authenticated in accordance with Local Rule 7-5(a), which provides that "[f]actual contentions

24   made in support of . . . any motion must be supported by an affidavit or declaration and by

25

26   ───────────────────

27   [6] According to Plaintiffs, the documents are "City of Oakland Agenda Report re: Resolution
Authorizing the City Administrator to Execute a Joint Facilities Use Agreement with Oakland
Unified School District for a Five-Year Term Beginning July 1 2008 and ending June 30, 2013,"

28   "Oakland City Council Resolution No. 81647 C.M.S.," and "McClymonds High School Terms of
Use."

United States District Court
Northern District of California

1    appropriate references to the record," and that "evidentiary matters must be appropriately

2    authenticated by an affidavit or declaration."  Moreover, under Federal Rule of Evidence 201, a

3    court may take judicial notice of "an adjudicative fact" if it "is not subject to reasonable dispute."

4    Fed. R. Evid. 201(b)).  A fact is "not subject to reasonable dispute" if it is "generally known," or

5    "can be accurately and readily determined from sources whose accuracy cannot reasonably be

6    questioned."  Fed. R. Evid. 201(b).  Plaintiffs do not explain how any of the documents at issue

7    satisfy the requirements of that rule.  Accordingly, the court will not consider them in ruling on

8    this motion.

9    **IV.    DISCUSSION**

10           **A.  Sovereign Immunity**

11           OUSD first moves to dismiss the Ralph Act, Bane Act, and Unruh Act claims and the

12    negligent infliction of emotional distress claim (claims two, three, four, and six) on the ground that

13    it is immune under the Eleventh Amendment.  *Douglas v. California Dep't of Youth Auth.*, 271

14    F.3d 812, 817 (9th Cir.), *amended,* 271 F.3d 910 (9th Cir. 2001) ("States are protected by the

15    Eleventh Amendment from suits brought by citizens in federal court."); *Freeman v. Oakland*

16    *Unified Sch. Dist.*, 179 F.3d 846, 846 (9th Cir. 1999) (holding that OUSD "is a state agency for

17    purposes of the Eleventh Amendment.").  Plaintiffs do not oppose the dismissal of claims two,

18    three, and four on the basis of Eleventh Amendment immunity.  Opp'n 2 n.1.  They do not

19    respond to OUSD's argument that the sixth claim for negligent infliction of emotional distress is

20    also barred by the Eleventh Amendment and thus concede the issue.  *See id.*; *see Kent v.*

21    *California Dep't of Consumer Affs.*, No. 2:09-CV-02905FCDKJN, 2010 WL 2838628, at *4 (E.D.

22    Cal. June 11, 2010), *report and recommendation adopted,* No. CIV-S-09-2905FCDKJN, 2010 WL

23    2838630 (E.D. Cal. July 20, 2010) (dismissing claims for intentional and negligent infliction of

24    emotional distress against state agencies based on Eleventh Amendment immunity).  Accordingly,

25    claims two, three, four, and six are dismissed without prejudice.  *See Freeman*, 179 F.3d at 847

26    (noting that dismissal of claims based on the Eleventh Amendment must be without prejudice to

27

28

United States District Court
Northern District of California

1    re-filing in "a court of competent jurisdiction").[7]

2         **B.    ADA Claim**

3         OUSD next moves to dismiss Plaintiffs' ADA claim as insufficiently pleaded.  It notes that

4    the even though the complaint alleges that C. Thomas, P. Thomas, and Colston are persons with

5    physical disabilities, Compl. ¶ 7, it does not allege how OUSD allegedly violated the ADA.  Mot.

6    11-12.  In the alternative, OUSD asks the court to order Plaintiffs to file a more definite statement

7    to provide OUSD with sufficient notice of the ADA claim.  *Id*. at 12.

8         In response, Plaintiffs argue that they have stated a claim for disability discrimination

9    based on Smith's actions, citing *Thompson v. Davis*, 295 F.3d 890, 895-96 (9th Cir. 2002).  In

10   *Thompson*, the Ninth Circuit noted that "Title II of the ADA prohibits a public entity from

11   discriminating against a qualified individual with a disability on the basis of disability."  *Id*. at 895

12   (citing 42 U.S.C. § 12132).[8]  It held that "[t]o state a claim of disability discrimination under Title

13   II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the

14   plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's

15   services, programs, or activities; (3) the plaintiff was either excluded from participation in or

16   denied the benefits of the public entity's services, programs, or activities, or was otherwise

17   discriminated against by the public entity; and (4) such exclusion, denial of benefits, or

18   discrimination was by reason of the plaintiff's disability."  *Id*.

19        As to the first element, the complaint alleges that only C. Thomas, P. Thomas, and Colston

20   are persons with physical disabilities, Compl. ¶ 7; it does not allege any elements of an ADA

21

22   [7] Plaintiffs ask the court to remand their claims to state court "to allow Plaintiffs to proceed
     against Defendant OUSD there."  Opp'n 2 n.1.  The request is denied.  Plaintiffs filed their
23   complaint in federal court.  They do not identify a federal rule of civil procedure or other authority
     by which this court may accomplish such a "remand."

24   [8] Plaintiffs also cite Title III of the ADA, which provides that "[n]o individual shall be
25   discriminated against on the basis of disability in the full and equal enjoyment of the goods,
     services, facilities, privileges, advantages, or accommodations of any place of public
26   accommodation by any person who owns, leases (or leases to), or operates a place of public
     accommodation."  42 U.S.C.A. § 12182(a); *see* Opp'n 4.  "Title II and Title III are 'parallel
27   provisions' with Title II covering only public entitles and Title III covering only private entities."
     *Hernandez v. Cty. of Monterey*, 70 F. Supp. 3d 963, 973 (N.D. Cal. 2014).  Plaintiffs allege that
28   OUSD is "a public entity that owns the school site" where the incident took place.  Compl. ¶ 5.
     Therefore, Title III does not apply.

United States District Court
Northern District of California

1    claim with respect to Plaintiffs Thomas, Zelda G., and Cynthia M, nor does Plaintiffs' opposition

2    address the issue.  Therefore, Plaintiffs Thomas, Zelda G., and Cynthia M.'s ADA claims are

3    dismissed with prejudice.

4         With respect to the second element of the ADA claim, C. Thomas, P. Thomas, and Colston

5    (the "ADA Plaintiffs") allege that they seated themselves in the section of the stands marked for

6    persons with disabilities while attending a basketball game at a public high school.  These

7    allegations are sufficient to allege that they were "otherwise qualified to participate in or receive

8    the benefit of [OUSD's] services, programs, or activities."

9         Next, the ADA Plaintiffs allege that they were berated by Smith for sitting in the disabled

10   section and that Smith "continued to be verbally abusive" even after they explained that they

11   "each had a physical disability and needed reasonable accommodations to attend the game," and

12   that they were "excluded from participating in the activity" and "targeted, harassed and denied

13   access to a public facility based on their disabilities."  Compl. ¶¶ 8-10, 13.  These allegations are

14   sufficient to allege the third and fourth elements of the Title II claim.

15        OUSD further argues that it cannot be held liable for the actions of Smith, an Oakland

16   employee, because the complaint fails to allege facts to support an agency relationship between

17   Oakland, Smith, and OUSD.  The complaint alleges that Smith was an Oakland employee and

18   "authorized agent" of OUSD and that her actions "were ratified by" an unnamed OUSD employee

19   who was acting as a referee.  It further alleges that Oakland and/or Smith "have an agency

20   relationship with OUSD with respect to public access to McClymonds High School and the

21   basketball game where they were assaulted and injured by Defendant Smith."  Compl. ¶¶ 14, 21.

22   OUSD argues that these allegations are conclusory and that "the fact that the venue for the event

23   was a[n OUSD] school site does not, in itself, prove that [OUSD] personnel discriminated against

24   Plaintiffs."  Reply 2.  Plaintiffs appear to concede as much.  They do not offer any authority to

25   support that they adequately pleaded an agency relationship.

26        Plaintiffs contend that if granted leave to amend, they "will allege additional facts to

27   demonstrate that Defendant OUSD shares responsibility for Defendant Smith's conduct toward

28   them and its actions violated their rights."  Opp'n 5.  As it is not clear that "amendment would be

United States District Court
Northern District of California

1  futile," *see Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009), the ADA Plaintiffs' Title II

2  ADA claim is dismissed with leave to amend.

3  **V.  CONCLUSION**

4  For the foregoing reasons, OUSD's motion to dismiss is granted.  Plaintiffs' Ralph Act,

5  Bane Act, and Unruh Act claims and the negligent infliction of emotional distress claims (claims

6  two, three, four, and six) against OUSD are dismissed with prejudice.  C. Thomas, P. Thomas, and

7  Colston's ADA claims against OUSD are dismissed with leave to amend.  Thomas, Zelda G., and

8  Cynthia M.'s ADA claims against OUSD are dismissed with prejudice.  Plaintiffs may file an

9  amended complaint within 14 days of the date of this order and must plead their best case.  The

10  court will hold an initial case management conference on March 30, 2022 at 1:30 p.m.  A joint

11  case management statement is due by March 23, 2022.

13  **IT IS SO ORDERED.**

14  Dated: February 22, 2022



Donna M. Ryu
United States Magistrate Judge

*United States District Court*
*Northern District of California*

8